IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SMITH, | : | CIVIL NO. 1:CV-05-0321 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| TROY WILLIAMSON, | : | |
| Respondent | : | |

**M E M O R A N D U M**

**I.    Procedural Background**

Petitioner Robert Smith is currently an inmate at the Allenwood Federal Correctional Institution in White Deer ("FCI-Allenwood"), Pennsylvania. He filed this pro se petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241 on February 15, 2005.[1] Named as Respondent is Troy Williamson, Warden at FCI-Allenwood. Petitioner claims he was denied due process in a disciplinary hearing while he was previously incarcerated at the Federal Correctional Institution in Elkton, Ohio. He contends that his due process rights were violated during the course of a prison disciplinary hearing in contravention of the principles articulated in Wolff v. McDonnell, 418 U.S. 539 (1974). Specifically, he claims that the disciplinary hearing officer ("DHO") was biased and relied upon fabricated evidence, and challenges the rewriting of the incident report. As relief, Petitioner seeks the expungement of the misconduct report from his prison record and the

---

[1] On February 17, 2005, an Order was issued directing Petitioner to pay the filing fee or file an application to proceed in forma pauperis within thirty (30) days, or risk dismissal of the action. (Doc. 4.) On February 28, 2005, an application to proceed in forma pauperis was filed. (Doc. 5.) After reviewing the application, certified statement from the authorized financial officer at FCI-Allenwood and accompanying inmate account statement from Petitioner's account, Petitioner will be granted in forma pauperis status with regard to the filing of the instant petition.

restoration of good conduct time.  On March 1, 2005, Respondent was ordered to answer the allegations in the petition within twenty (20) days.  (Doc. 6.)  Following an enlargement of time, a response and supporting in camera documents were filed on April 4, 2005.  A Traverse was thereafter submitted by Petitioner on June 2, 2005.  The petition is now ripe for disposition and, for the reasons that follow, will be denied.[2]

## II.     Factual Background

On April 1, 2003, Petitioner received an incident report for "Engaging in or Encouraging a Group Demonstration" in violation of disciplinary code 212.  A copy of the report was delivered to Petitioner the same day.  (Doc. 11, Ex. 1, Att. B at 12.)  The incident report, which involved an event which occurred on March 5, 2003 in the Food Service area at the prison, read as follows:

> On April 1, 2003, at 1600 hours a SIS investigation was concluded.
> The conclusion of the investigation revealed that on March 5, 2003, at
> approximately 12:00 p.m., you were involved in the encouragement
> and engagement of a food boycott.  Specifically, you became involved
> in the food boycott when you were witnessed and was heard planning
> the demonstration on several occasions in Food Service during the
> morning meal with several inmates to include inmate and Smith,
> #04538-068.  You attempted to gain support of other inmates by going
> to the leaders of different groups of inmates.  Some facts used to
> conclude your participation was information received during individual
> interviews and mass interviews, a photograph of you with the other
> inmates taken in Religious Services, and the evidence that a food
> boycott did occur on March 5, 2003.

(Doc. 1, Compl., Ex. A.)  On April 30, 2003, the DHO held a hearing and found that based upon the evidence presented Petitioner should have been charged with "Planning a Group Demonstration," in

---

[2] Also pending is a document filed by Petitioner on October 26, 2005, entitled "Motion for Summary Judgment."  (Doc. 18.)  A brief in opposition to the motion was filed by Respondent on November 7, 2005.  (Doc. 19.)  Based upon the Court's disposition of the habeas petition, this motion will be denied as moot.

violation of code 212A.  It was also found that although the incident report indicated that the food boycott occurred on March 5, 2003, the actual incident activity (the planning) occurred prior to that date.  As such, the incident report was expunged due to lack of notice to Petitioner as to the proper charge and date of incident, not due to lack of evidence to support the charge.  The DHO informed Petitioner that "the institution has the option to re-charge you and provide you with an Incident Report that gives you proper notification prior to an Administrative Hearing by the DHO."  (Doc. 1, Ex. 11, Att. B at 13.)

On June 12, 2003, another incident report was written charging Petitioner with a code 212A violation and noting that the incident occurred from February 13-17, 2003.  The report was delivered to Smith on same date.  (Id. at 18.)  Petitioner appeared before the Unit Discipline Committee ("UDC") on June 16, 2003.  He received and signed a copy of the "Inmate Rights at Discipline Hearing" form as well as the "Notice of Discipline Hearing Before the DHO" form.  On the second form referenced, Petitioner indicated that he wanted staff representation and three (3) witnesses at his hearing.  The UDC referred the charges the DHO for further hearing.  (Id. at 18.)

On July 2, 2003, the DHO conducted the hearing.  Petitioner was advised of his rights and indicated that he understood them.  A staff representative was present on his behalf and the three (3) witnesses requested by Petitioner testified.  All evidence presented, which included the witnesses' testimony, the incident report, memorandums from staff [3], and Petitioner's statement were

---

[3]  Four (4) memoranda were submitted by Special Investigative Services ("SIS") staff members.  M.W. Mason, an SIS Technician, prepared two (2) of the memoranda, and the other two (2) memoranda were submitted by T. Montgomery, SIS Supervisor/Lieutenant.  Because these documents contain information that could potentially threaten the safety of staff, inmates and the institution, they have been submitted for in camera review by Respondent.  (Doc. 13.)

considered by the DHO. On July 14, 2003, a written decision was issued wherein Petitioner was found guilty of the charge. The DHO sanctioned Petitioner to a twenty-seven (27) day disallowance of good conduct time and recommended a disciplinary transfer. (Id. at 24-27.)

**III.    Discussion**

Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. Id. Since Petitioner's sanctions did include the loss of good conduct time, Petitioner has identified a liberty interest in this matter.

In Wolff, the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. Wolff, 418 U.S. at 563-67. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v.

Hill, 472 U.S. 445-46 (1985); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992). If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. Hill, 472 U.S. at 457.

      In the instant case it is clear that Petitioner was afforded all of the required procedural rights set forth in Wolff. While he challenges the fact that the first incident report was expunged and a new investigation commenced resulting in the issuance of a second incident report, this activity does not violate due process. The Warden remanded the expungement of the first incident report for further review, and Petitioner was advised that staff may initiate a second incident report containing the correct charge and date of the incident. Further, following the issuance of the second incident report, Petitioner received each of the procedural due process safeguards required by Wolff. He received a copy of the second incident report the same day it was issued. Thereafter, a hearing was held on July 2, 2003, almost three (3) weeks following notice of the charges. Petitioner was represented by Officer Yeasted at the disciplinary hearing and all three (3) requested witnesses testified on Petitioner's behalf. Petitioner also received a written decision setting forth the evidence relied upon by the DHO and the rationale behind the decision. To the extent Petitioner claims that the DHO was not impartial, his claim is wholly unsupported. Pursuant to BOP policy, "[i]n order to insure impartiality, the DHO may not be the reporting officer, investigating officer, or UDC member, or a witness to the incident or play any significant part in having the charge(s) referred to the DHO." See 28 C.F.R. § 541.16(b). In this case, the DHO was neither involved in reporting or investigating the incident with regard to Petitioner, and there is nothing in the record to suggest that the DHO was a witness to or played a role in having the charges against Petitioner referred to the DHO.

      Since Petitioner was afforded all of his procedural rights, the only remaining issue is whether

there was sufficient evidence to support the decision by the DHO. While Petitioner contends that the DHO relied upon "fabricated evidence" the record clearly reveals the existence of both testimony offered and documentary evidence submitted at the hearing to allow the DHO to conclude that the greater weight of the evidence supported a finding of guilt. In addition to the statement provided by Petitioner and the testimony from his three (3) witnesses, the DHO also considered the SIS investigative report and memoranda submitted. The SIS investigation included information obtained from inmate interviews wherein Petitioner was identified as being instrumental in coordinating the food boycott, and evidence of the flyers posted by Petitioner and/or his accomplices in the rest room informing inmates about the boycott. Based on the foregoing, the Court concludes that the evidence before the DHO was sufficient to support the outcome of the hearing and meets the requirements imposed by the Due Process Clause. Accordingly, the petition will be denied. An appropriate Order follows.

**IV.    Order**

**AND NOW, THIS 23rd DAY OF MAY, 2006,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The application to proceed in forma pauperis (Doc. 5) is **GRANTED**.

2. The petition for writ of habeas corpus is **DENIED**.

3. Petitioner's motion for summary judgment (Doc. 18) is **DENIED** as moot.

4. The Clerk of Court is directed to **CLOSE** this case.

    __s/ Yvette Kane_____
    YVETTE KANE
    United States District Judge